No. 323 May 15, 2024 615

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. M.,
*Appellant.*

Jackson County Circuit Court
22JU05089; A182508

David G. Hoppe, Judge.

Submitted April 12, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this juvenile dependency case, father appeals from the jurisdictional judgment entered in September 2023, regarding his child, A.[1] He raises four assignments of error, challenging each of the jurisdictional bases and asserting, generally, that the juvenile court erred in asserting dependency jurisdiction over A. Having reviewed the record, we conclude that the juvenile court did not err, and, therefore, affirm.

We review the sufficiency of the evidence supporting dependency jurisdiction by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess[ing] whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). "To establish a basis for juvenile court jurisdiction for purposes of ORS 419B.100(1)(c), the state must prove, by a preponderance of the evidence, ORS 419B.310(3), that a child's welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child that is reasonably likely to be realized." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 19, 383 P3d 931 (2016) (internal quotation marks omitted). The Department of Human Services (DHS) "has the burden to establish a nexus between the allegedly risk-causing conduct or circumstance and risk of harm to the child." *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014).

A detailed recitation of the facts would not benefit the bench, the bar, or the public. After a trial in August and September of 2023, the juvenile court entered a judgment reflecting its findings that DHS had proved the following jurisdictional bases regarding father:

- "The father * * * exposed the child to domestic violence."
- "The child has medical, substance abuse and/or mental health problems which the father cannot, will not and/

---

[1] In a separate appeal, which we affirm today, father challenges the juvenile court's exercise of jurisdiction over another child, C. *Dept. of Human Services v. C. M. (A182509)*, 332 Or App 618 (May 15, 2024) (nonprecedential memorandum opinion). Mother is not a party to either appeal.

or is unable to address, and therefore needs ODHS' ser-
vices and assistance in order to safely parent the child."

- "The father's volatile and/or erratic behavior interferes
with his ability to safely parent the child."

Father challenges the sufficiency of the evidence in
the record as well as the juvenile court's determination that
there was a risk of serious loss or injury to A at the time of
the jurisdictional trial. We have reviewed the record and
conclude that the juvenile court did not err in exercising
dependency jurisdiction over A.

Affirmed.